## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**BOBBY EUGENE ARNETT**                                                                                   **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 4:22-CV-P13-JHM**

**SUNDIE THOMAS**                                                                                          **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Bobby Eugene Arnett filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I.

Plaintiff is a pretrial detainee at the Hopkins County Jail (HCJ). He sues HCJ Deputy Sundie Thomas in both his official and individual capacities.

Plaintiff makes the following allegations:

During the earlier part of this month (Jan-2022) I [] had my rights violated by Sundie Thomas. I asked to view my legal documents motion of discovery/chain of evidence containing several DVD's, paper work and 1 flash drive containing police body cam footage. I was granted permission to view my motion of discovery/chain of evidence via Laptop provided by [HCJ]. I was taken from my cell to a law box to view my legal documents and upon arrival, my legal mail was already open as well as the flash drive provided by my lawyer [] in a sealed envelope had been previously opened and placed in the laptop and my legal files were opened and accessed! My motion of discovery and chain of evidence was tainted and breached!!

Also my right to due process was violated because my legal materials were delivered to the Jail by my lawyer . . . on Aug-30-2021 and I was not allowed to view them until Jan-2022.

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

(6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court first addresses Plaintiff's allegation that Defendant Thomas interfered with his legal mail/materials on one occasion. Because Plaintiff does not allege routine interference with his legal mail, the Court finds that he fails to state a constitutional claim upon which relief may be granted. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'") (citation omitted); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("[A] random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 U.S. Dist. LEXIS 1037, at *16 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 U.S. Dist. LEXIS 138728, at *5 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail - one of the outgoing motion and one of his

3

incoming piece of legal mail - the Court still finds that the two incidences taken together do not rise to a constitutional violation.").

The Court next turns to Plaintiff's allegation that Defendant Thomas violated Plaintiff's right to due process by delaying his receipt of legal materials from his attorney. The Court construes this as a claim for denial of access to the courts. To state such a claim, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) ("Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). That is, there must be an actual injury, and no actual injury occurs without a showing that a legal claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim" ). Here, Plaintiff does not assert that Defendant Thomas caused him actual injury to pending litigation. More specifically, he fails to allege that a non-frivolous legal claim has been lost, rejected, or unable to be presented to a court due to Defendant Thomas's conduct. Thus, the Court concludes that Plaintiff has failed to state claim for the denial of access to the courts.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:  March 29, 2022

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
4414.011